# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DAMIEN HOWARD PONDER,** | : | |
| | : | Case No. 2:24-cv-03742 |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Elizabeth P. Deavers |
| **KISHA ORSINI,** | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| **DAMIEN HOWARD PONDER,** | : | Case No. 2:24-cv-03743 |
| | : | |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Elizabeth P. Deavers |
| **MATTHEW MURPHY,** | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| **DAMIEN HOWARD PONDER,** | : | Case No. 2:24-cv-03744 |
| | : | |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Elizabeth P. Deavers |
| **JAMES SELHORST,** | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| **DAMIEN HOWARD PONDER,** | : | Case No. 2:24-cv-03745 |
| | : | |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Elizabeth P. Deavers |
| **TODD CRAMBLETT,** | : | |
| | : | |
| Defendant. | : | |

1

| | |
|---|---|
| **DAMIEN HOWARD PONDER,** : | Case No. 2:24-cv-03746 |
| : | |
| Plaintiff, : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Elizabeth P. Deavers |
| **ZACHARY A. WALKER,** : | |
| : | |
| Defendant. : | |

| | |
|---|---|
| **DAMIEN HOWARD PONDER,** : | Case No. 2:24-cv-03747 |
| : | |
| Plaintiff, : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Elizabeth P. Deavers |
| **COLUMBUS POLICE DEP'T,** *et al.*, : | |
| : | |
| Defendants. : | |

## **OPINION & ORDER**

In this matter, the Court considers, *sua sponte*: (1) consolidation of the six above-captioned cases; and (2) dismissal without prejudice of Plaintiff Damien Ponder's cases against the five individual officers (Nos. 2:24-cv-3742/3743/3744/3745/3746), as his case against the Columbus Police Department (No. 2:24-cv-03747) includes duplicative claims against each of these officers. For the reasons set forth below, this Court **CONSOLIDATES** these six cases into *Ponder v. Columbus Police Department*, No. 2:24-cv-3747, and **ORDERS** Mr. Ponder to file a memorandum in opposition to this Order within **TWENTY-ONE (21) DAYS** should he disagree with the dismissal of his five cases against the individual officers.

## I.     BACKGROUND

On July 22, 2024, Mr. Ponder initiated the six above-captioned actions arising out of his February 12, 2022, arrest. (ECF No. 1 in all actions). Across these suits, Mr. Ponder seeks relief from five individual officers and the Columbus Police Department by way of 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. §§ 241–242 for violation of the Fourth and Sixth Amendments, as he contends "[t]he officers involved had no probable cause to search me, seize any of my property, nor to arrest me." (No. 2:24-cv-3742, ECF No. 1-1 at 4). He asserts "[t]he officers involved … lost their qualified immunity … for violating [his] rights under the color of law," and explains that his state criminal case resulting from this unlawful arrest was dismissed "due to Constitutional and Civil Rights violations[.]" (*Id.*). He claims to have been injured physically (wrist sprain), mentally (depression, anxiety, and post-traumatic stress disorder), and financially (loss of jobs and therefore wages due to arrest, plus broken phone as a result of the altercation). (*Id.*). While Mr. Ponder filed six separate suits—one against each individual officer, (Nos. 2:24-cv-3742/3743/3744/3745/3746), and one against the Columbus Police Department, (No. 2:24-cv-03747)—his suit against the Department lists the five individual officers as Defendants. (*See* No. 2:23-cv-03747, ECF No. 1-1 at 2).

## II.    STANDARD OF REVIEW

If actions before a court involve a common question of law or fact, the court has the discretion to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). The underlying objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). The Court must take care "that

3

consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

Additionally, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants,'" so a district court has the power to dismiss sua sponte one federal court suit as duplicative of another based on the substance of the complaint. *Heid v. Aderholt*, 2:20-cv-901, 2022 WL 3025431, at *3 (S.D. Ohio Aug. 1, 2022) (quoting *Belser v. Washington*, 2016 WL 6275343, at *1 (W.D. Mich. Oct. 27, 2016), *aff'd*, 2017 WL 5664908 (6th Cir. Sept. 13, 2017)). Like consolidation, this power is also based in "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[.]" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (cleaned up).

### III.   LAW & ANALYSIS

For purposes of Rule 42 consolidation, questions of law and fact need not be identical. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *2 (S.D. Ohio Sept. 14, 2009). Rule 42 gives the Court discretion to consolidate as long as there are some common questions of law or fact. *Id*. And this Court's ability to dismiss duplicative actions turns on whether "the claims, parties and available relief do not significantly differ from an earlier-filed action." *Heid*, 2022 WL 3025431, at *3.

This Court finds that consolidation of these six lawsuits would be the most efficient method of adjudicating these overlapping matters, as they are all at the same stage in litigation and any separate handling would be redundant. And given that all of "the operative facts" underlying Mr. Ponder's claims have occurred and are identical, Mr. Ponder faces no prejudice from the dismissal of his five individual officer suits, which are subsumed within Mr. Ponder's case against the

4

Columbus Police Department *as well as* the five individual officers. *See Moran v. Ruan Logistics*, No. 1:18-cv-223, 2018 WL 4491376, at *3 (S.D. Ohio Sept. 19, 2018); *contra Heid*, 2022 WL 3025431, at *4 (citing *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256 (6th Cir. 2019)) (finding dismissal to be premature under the Sixth Circuit's caveat that "the duplicative litigation doctrine … does not apply to claims that were not ripe at the time of the first suit" (cleaned up)).

That said, if Mr. Ponder disagrees that his complaint in No. 2:24-cv-03747 encompasses all of his allegations from his other five complaints, he is free to move for leave to amend his complaint in this case to add those other allegations. *See* Fed. R. Civ. P. 15(a)(2). As an additional layer of protection prior to the dismissal of his five individual officer suits, Mr. Ponder has **TWENTY-ONE (21) DAYS** from the date of this Order to submit a memorandum in opposition to this Court's decision that proceeding with No. 2:24-cv-03747 adequately preserves all of his claims against all six Defendants. Barring no opposition, the five individual officer suits (Nos. 2:24-cv-3742/3743/3744/3745/3746) will be dismissed without prejudice after twenty-one (21) days from the date of this Order.

### IV. CONCLUSION

For the reasons set forth above, this Court **CONSOLIDATES** these six cases and **ORDERS** the Parties to file all documents in the omnibus case, *Ponder v. Columbus Police Department*, No. 2:24-cv-03747. As noted, Mr. Ponder has **TWENTY-ONE (21) DAYS** from the date of this Order to file a memorandum in opposition to this Order should he wish to do so; otherwise, the five individual officer suits will be dismissed without prejudice.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** August 13, 2024